UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

FUAD ZAHER,

      Petitioner,

      v.                        Case No. 09-C-0421

UNITED STATES OF AMERICA,

      Respondent.

---

## DECISION AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 AND DISMISSING CASE

Fuad Zaher pled guilty and was convicted of knowingly using false documents in violation of 18 U.S.C. § 1001 and 2. The court sentenced him to thirty months of imprisonment, and Zaher did not appeal. Thereafter, Zaher filed a motion to vacate his conviction and sentence pursuant to 29 U.S.C. § 2255, claiming ineffective assistance of counsel. For the reasons set forth below, the motion will be denied and the case will be dismissed.

Zaher asserted ineffective assistance of defense counsel based on four alleged deficiencies: (1) his counsel failed to advise him properly regarding two government offers, which turned out to be better than the accepted plea offer, and subsequent counsel failed to raise the issue at sentencing so as to prompt a downward departure; (2) counsel at sentencing failed to object sufficiently to a loss amount of more than $200,000, resulting in two more offense levels than he should have faced; (3) counsel at sentencing failed to seek a downward departure based on extraordinary family circumstances; and (4) counsel failed to investigate the falsity of evidence from government witnesses Michelle Maxey and Ralph Barton, to establish that he was a very minor participant and should have received a lower sentence. The court screened Zaher's motion and dismissed the ineffective assistance of

counsel claim to the extent it was based on issues (3) and (4), but found that the two remaining alleged deficiencies required an answer.

Ineffective assistance of counsel claims may be brought under § 2255 rather than on direct review. *See Massaro v. United States*, 538 U.S. 500 (2003). To establish ineffective assistance of counsel, Zaher must show that his counsel's representation was deficient and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Deficient performance is that which falls below an objective standard of reasonableness. *Id.* The performance standard permits a wide latitude of attorney conduct, and a prisoner "must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal quotation omitted); *see also Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000). Judicial scrutiny is highly deferential and the court strongly presumes that counsel's conduct was reasonable. *Strickland*, 466 U.S. at 689. Counsel's performance must be evaluated from his or her perspective at the time; hindsight should not distort the evaluation. *Id.*

Once the movant establishes his counsel's deficiency, he must demonstrate prejudice. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Id.* at 697.

(1)     Assistance of Counsel Regarding Plea Offers

It is undisputed that the government tendered multiple plea offers to Zaher during the time he was represented by Attorney Terry Rose. At one point, due to the unavailability of a government witness, the government even offered that Zaher plead to a misdemeanor.

2

(Gov't's Resp. at 7; *id.* Ex. Rose Aff. ¶ 4; Pet.'s Mem. of Law in Supp. of Mot. Ex. 1.) Zaher rejected the offer. Later, Rose approached the prosecutor to discuss whether the government would agree to a plea of misprision of a felony. The prosecutor indicated that he would seek approval of that deal if Zaher would commit to accepting it. (Gov't's Resp. at 7; *Id.* Ex. Rose Aff. ¶ 5.) Zaher refused. Rose urged Zaher to accept the offers. (Gov't's Resp Ex. Rose Aff. ¶¶ 4-5.)

Under the Sixth Amendment, criminal defendants are entitled to effective counsel during plea negotiations. *Missouri v. Frye*, 566 U.S. ___, ___, 132 S. Ct. 1399, 1407-08 (2012); *Lafler v. Cooper*, 566 U.S. ___, ___, 132 S. Ct. 1376, 1384 (2012). An attorney's failure to communicate a formal plea offer to a defendant may constitute deficient performance; for instance, if counsel allows an offer to expire without advising the defendant of the offer, counsel has failed to provide effective assistance. *Frye*, 132 S. Ct. at 1408. To establish prejudice from deficient performance regarding a lapsed or rejected plea offer, a defendant must demonstrate a reasonable probability that he would have accepted the earlier plea offer if he had received effective assistance and the plea would not have been withdrawn by the prosecution, a reasonable probability that the plea would have been accepted by the trial court, *and* that the end result would have been more favorable by reason of a plea to a lesser charge or a lower sentence. *Id.* at 1409; *Lafler*, 132 S. Ct. at 1385.

However, *Frye* did not define the all of the duties and responsibilities of defense counsel regarding plea bargaining, and the Supreme Court in *Lafler* did not explore the issue, as the parties had stipulated that defense counsel was deficient. The present case differs from *Frye* in that Zaher admits two plea offers were communicated to him but contends that

3

counsel's advice regarding those offers was deficient. Thus, this court will apply *Strickland*'s objective-standard-of-reasonableness test.

Zaher argues that his attorney, during plea negotiations, failed to advise him properly of the consequences of the government's early plea offers, which could have resulted in a misdemeanor conviction. But it is clear from Zaher's filings and the affidavit of attorney Rose that Rose advised Zaher to *accept* the plea offers. (*See* Pet.'s Mem. in Supp. of Mot. Ex. 1 ("Mr. Zaher rejected that proposal and disregarded my advice and the advice of many of his relatives."); Gov't's Resp. Ex. Ross Aff. ¶ 4.) This is not a case in which counsel urged the defendant to reject pleas based on ill advice or incorrect legal analysis. Instead, Zaher's essential argument is that counsel should have pressed upon him more strongly the downside of rejecting the offers. But Zaher points to nothing in particular that counsel got wrong or failed to tell him. Attorney Rose avers that he advised Zaher of the nature of the charges against him, his rights, the evidence reflected in the discovery materials, as well as the strengths and weaknesses of the government's case. Again, based on those assessments, Attorney Rose advised Zaher to *take* the plea. In short, the record indicates that counsel assessed the case correctly and advised Zaher appropriately. Further, Zaher had been arraigned and advised of the potential penalties of the charges against him. Counsel's failure to overcome Zaher's desire to go to trial does not constitute ineffective assistance. Also, Zaher's choice to gamble, hoping to avoid a felony conviction, did not render counsel's performance deficient.

Moreover, Zaher has an insurmountable hurdle regarding prejudice, as the record indicates that he initially was adamant about going to trial. Subsequent counsel, Michael Fitzgerald, states that "Zaher told me that he was dissatisfied with Mr. Rose because Mr. Rose advised him to accept the plea offer. When he hired me, Mr. Zaher indicated to me that

4

he was not interested in a plea agreement of any kind and wanted a trial." (Gov't's Resp. Ex.

Fitzgerald Aff. ¶ 4.) Zaher's own words, in a letter to the court dated June 4, 2007, while the

underlying criminal case was pending, confirm his intent at that time to reject any plea offer:

> In the weeks before the trial, my attorney gave me a number of offers that he said were from the government. . . . One offer, which was supposed to be a very "low-level" felony, something like "misprison [sic] of person" was offered and Terry told me that this was a very good offer. After long thoughts about the offer and discussion with family members and others, I said no.
> After the above, Mr. Rose started reviewing evidence with me, including a videotape and CD recordings. He strongly encouraged me to take a deal. I did not feel that I should enter a plea for something that I did not do, especially because the evidence that Terry was reviewing with me was not right. For example, the government claims that I was in the videotape, but it was not me.
> I believe it was May 12 that Mr. Rose told me that the government may accept a misdemeanor, but that I would need to cooperate with the government. I refused. I told Mr. Rose that I might consider a misdemeanor without cooperation. . . . Anyways, I continued to insist to Mr. Rose that I was innocent of the charge against me, and I wanted to go to trial.
> . . . .
> While we re [sic] were in front of [AUSA] Mr. Scott [Campbell], Mr. Rose told me that I was foolish not to take a deal. He told me that I could take a deal and go home and have a coffee with my family. I told him that I was not going to take the deal. I asked Mr. Terry to show Mr. Scott the videotape that the government says is me. . . . I know for a 100% sure that it is not me. . . . I told Terry that I was not interested in a deal where I had a felony.

*United States v. Zaher*, No. 05-CR-283, letter at 1-2 (E.D. Wis. rec'd June 4, 2007).[1] Because

Zaher cannot demonstrate any reasonable probability that he would have accepted an earlier

plea offer if he had received the advice he describes, he cannot satisfy the prejudice prong

of the *Strickland* test.

As Attorney Rose's conduct was not deficient, sentencing counsel was not deficient

for failing to raise at sentencing the argument that Rose had provided ineffective assistance.

Moreover, the sentencing guidelines have not recognized a departure based upon ineffective

---

[1]In reviewing Zaher's criminal file, the court found that this letter had not been docketed when received on June 4, 2007. The letter has now been added to the criminal case record.

assistance of prior counsel.  To the extent *United States v. Price*, 237 F. Supp. 2d 1 (D.D.C. 2002), suggests that substandard legal representation is an appropriate basis for downward departure, this court disagrees.  Finally, blaming Attorney Rose for his prior advice could have jeopardized the court's decision to give Zaher credit for acceptance of responsibility.  In short, sentencing counsel was not deficient for omitting this poor argument.

(2)     Assistance of Counsel Regarding Amount of Loss

Zaher contends that sentencing counsel, Attorney Fitzgerald, failed to object effectively to the loss at sentencing.  Zaher's admits that sentencing counsel objected to the calculation of loss and argued that the amount should be less than $200,000, but he provides a new argument that counsel should have made instead.  According to Zaher, the invoices attached to his brief establish a loss of less than $200,000.

This argument fails for at least two reasons.  First, the few invoices attached to Zaher's brief do not reflect the full amount of loss attributable to him.  The loss amount related to sales of baby formula that had been stolen and was based on baby formula supported by false invoices and baby formula for which there were no invoices.  Attorney Fitzgerald indicates that he was unaware of any evidence that could have been presented to establish that baby formula for which Zaher's store had no invoice was purchased legitimately.  (Gov't's Resp. Ex. Fitzgerald Aff. ¶ 15.)

Second, Zaher's argument is directed to case strategy.  It appears that Attorney Fitzgerald attacked the $200,000 loss amount in a manner he thought best.  He argued that the loss figure of over $200,000 lacked a sufficient evidentiary basis through reliance on three faulty assumptions:  (1) it was known or reasonably foreseeable to Zaher that all the baby formula his brother purchased for sale at Zaher's store for which there were suspect or no invoices was stolen; (2) all of the baby formula reflected on a particular Saleh Wholesale

6

invoice was stolen; and (3) if the baby formula had been stolen, Zaher knew or should reasonably have foreseen it. (*See* Gov't's Resp. Ex. Fitzgerald Aff. ¶ 10.) If successful, the objection raised by Attorney Fitzgerald would have reduced Zaher's offense level by two. Attorney Fitzgerald was attempting to attack the same number as Zaher does now, through a different route. Hence, his actions a matter of strategy, which this court presumes was valid. It is not the court's place in a § 2255 case to second guess strategy and counsel made an intelligent argument, though the court in the end disagreed.

Thus, Zaher fails to establish deficient performance by Attorney Fitzgerald. And because Zaher fails to satisfy the first element of the *Strickland* test, the court need not address prejudice. Now, therefore,

IT IS ORDERED that Zaher's § 2225 motion is denied and this case is dismissed.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2012.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE

7